UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-485-EHJ

WILLIAM S. GRIBBINS                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                     DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of William Gribbins ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

### PROCEDURAL HISTORY

On February 18, 2004 , Claimant filed application for Disability Insurance Benefits alleging that he became disabled as of August 1, 2002. After a hearing, Administrative Law Judge Ronald Kayser ("ALJ") determined that Mr. Gribbins' possible borderline intellectual functioning was a severe impairment, but that it did not prevent him from performing his past relevant work as a utility worker.  This became the final decision of the defendant Commissioner when the Appeals Council denied review on July 27, 2006.

### STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence

supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENT ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to find that Mr. Gribbins' back pain represented a severe impairment. For an impairment to be considered "severe," plaintiff must establish that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921. The disability benefits claimant must always bear the ultimate burden of establishing disability. Key v. Callahan, 109 F.3d 270 (6th Cir. 1997), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990). If the plaintiff fails to establish a severe impairment or fails to establish inability to return to a former occupation, the burden of producing evidence never shifts to the Commissioner. Gist v. Secretary, 736 F.2d 352 (6th Cir. 1984).

In this case, claimant failed to establish that his back pain significantly limits his ability to do basic work activities. Indeed, his own testimony was at odds with the claim of disabling pain. Claimant testified that if the plant where he worked had not closed, he would still be working there. Tr. 200. The occasional mentions of back pain in physician office notes do not show any significant change from when the pain was first reported in the mid-1970s, at a time when Mr. Gribbins was still doing very heavy work. Claimant testified that he tries not to go to doctors, prompting the

following exchange:

> Q.  Just take over-the-counter Tylenol and go back to work, huh?
>
> A.  Yeah.

Tr. 204.

The ALJ observed that Mr. Gribbins was well-tanned and appeared to walk with a normal gait.  Plaintiff testified regarding his daily activities, which include mowing at least two acres, trimming with a weed-eater, fishing two to three times per week), washing the car, vacuuming, and shopping (206-208).  All of this is evidence that back pain does not significantly interfere with basic work activities.  The Court concludes that substantial evidence supports the ALJ's determination that back pain did not constitute a severe impairment for Mr. Gribbins.

An order in conformity has this day entered.